KENNEDY, JENNIK & MURRAY, P.C.
*Attorneys for Plaintiff*
113 University Place, 7th Floor
New York, New York 10003
Tel. (212) 358-1500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| James Anderson, as Trustee of the Local 966 Pension Fund,<br><br>Plaintiff,<br><br>-against-<br><br>Union City Mirror & Table Co., Inc.; Russo Realty Corp.; 34th Street Furniture Works, LLC; 124-126 34th Street, LLC; 122 34th Street, LLC; 109-113 35th Street, LLC; 130 34th Street, LLC; 384 Ramapo Valley Road, LLC; 384 RVR Associates, LLC; 388 Ramapo Valley Road, LLC; and 388 RVR Associates, LLC,<br><br>Defendants | No. _____<br><br><br><br>**COMPLAINT** |

Plaintiff, James Anderson, as Trustee of the Local 966 Pension Fund, by his attorneys, Kennedy, Jennik & Murray, P.C., as and for his complaint against Defendants: Union City Mirror & Table Co., Inc.; Russo Realty Corp.; 34th Street Furniture Works, LLC; 124-126 34th Street, LLC; 122 34th Street, LLC; 109-113 35th Street, LLC; 130 34th Street, LLC; 384 Ramapo Valley Road, LLC; 384 RVR Associates, LLC; 388 Ramapo Valley Road, LLC; and 388 RVR Associates, LLC, alleges as follows:

### INTRODUCTION

1. This is an action for withdrawal liability owed to the Local 966 Pension Fund ("the Fund"), arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The Fund seeks to recover the withdrawal liability of

Defendant Union City Mirror & Table Co., Inc. as a result of its default.

## PARTIES

2.  James Anderson ("Anderson") is a Trustee of the Fund which is an "employee pension benefit plan" within the meaning of § 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3); a "multiemployer plan" within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A); a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35), and is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries. The Fund is a jointly administered employee benefit trust fund, composed of equal representation by Trustees from the Union and Management, established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Anderson is a "fiduciary" of the Fund within the meaning of § 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered and maintains its principal place of business at Carday Associates, Inc., 7130 Columbia Gateway Drive, Suite A, Columbia, MD 21406. The Fund is also administered at 113 University Place, New York NY, where the Boards of Trustees conduct meetings.

3.  Union City Mirror & Table Co., Inc. ("Union City") is an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5). Union City is a corporation within the laws of the State of New Jersey and maintains its office and principal place of business at 129 34th Street, Union City, New Jersey 07087.

4.  Russo Realty Corp. is a corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 130 Skyline Drive, Oakland, NJ 07436.

5.  34th Street Furniture Works, LLC is a limited liability corporation within the laws of the state of New Jersey with a main business address at 129 34th Street, Union City, NJ

07087.

6. 124-126 34th Street, LLC is a limited liability corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 129 34th Street, Union City, NJ 07087, and owns or owned property located at 124-126 34th Street, Union City, NJ.

7. 122 34th Street, LLC is a limited liability corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 129 34th Street, Union City, NJ 07087, and owns or owned property located at 122 34th Street, Union City, NJ.

8. 109-113 35th Street, LLC is a limited liability corporation within the laws of the state of New Jersey with a main business address at 129 34th Street, Union City, NJ 07087, and owns or owned property located at 109-113 35th Street, Union City, NJ.

9. 130 34th Street, LLC is a limited liability corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 129 34th Street, Union City, NJ 07087, and owns or owned property located at 130 34th Street, Union City, NJ.

10. 384 Ramapo Valley Road, LLC is a limited liability corporation within the laws of the state of New Jersey with a main business address at 129 34th Street, Union City, NJ 07087.

11. 384 RVR Associates, LLC is a limited liability corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 12 Dyatt Place, Hackensack, NJ 07601.

12. 388 Ramapo Valley Road, LLC is a limited liability corporation within the laws of the state of New Jersey with a main business address at 129 34th Street, Union City, NJ 07087.

13. 388 RVR Associates, LLC is a limited liability corporation within the laws of the state of New Jersey and maintains its office and principal place of business at 12 Dyatt Place, Hackensack, NJ 07601.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to ERISA §§ 502(a)(3)(B)(ii), (d)(1), (e)(2) and (f), and 4301(a) and (c), 29 U.S.C. §§ 1132(a)(3)(B)(ii), (d)(1), (e)(2) and (f), and 1451(a) and (c).

15. Venue is proper pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered at 113 University Place, New York, NY 10003 within this district.

## FACTS

16. Union City was a party to a collective bargaining agreement with Local 966, affiliated with the International Brotherhood of Teamsters ("the Union"), covering a unit of workers employed by Union City pursuant to which Union City was obligated to make periodic contributions to the Fund for the purpose of providing retirement benefits to covered workers.

17. On or about October 31, 2014, Union City withdrew from the Fund in a complete withdrawal by permanently ceasing all covered operations under the Fund within the meaning of ERISA §§ 4201(a) and 4203(a)(1) or (2), 29 U.S.C. §§ 1381(a) and 1383(a)(1) or (2).

18. Such a complete cessation of the obligation to make contributions or cessation of covered operations constituted a "complete withdrawal" from the Fund, for which withdrawal liability may be collected by the Fund, pursuant to ERISA § 4201(a), 29 U.S.C. § 1381(a).

19. As a result of its complete withdrawal, Union City was obligated to pay withdrawal liability to the Fund in the amount of $2,375,606.00. This liability was determined by

the Fund under § 4211(b) of ERISA, 29 U.S.C. § 1391(b). Pursuant to ERISA § 4219(c)(1)(c)(i)(I) and (3), 29 U.S.C. § 1399(c)(1)(c)(i)(I) and (3), and the terms of the Plan Document, Union City was required to make 80 quarterly payments to the Fund in the amount of $7,871.00. A true and correct copy of the Plan Document is attached as Exhibit A and incorporated herein by reference.

20. In accordance with ERISA § 4219(b), 29 U.S.C. § 1399(b), by letter dated November 20, 2014, the Fund sent a demand letter for withdrawal liability to Union City. The letter advised Union City that if it failed to make the first quarterly payment within sixty (60) days of the date of the letter, the entire amount of withdrawal liability, plus interest, liquidated damages, and the cost of collection, would become due pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). The November 20, 2014 letter further advised Union City to disclose whether it was a member of a group of trades or businesses under common control within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and §§ 414 and 1563 of the Internal Revenue Code, 26 U.S.C. §§ 414 and 1563. A true and correct copy of the November 20, 2014 letter is attached as Exhibit B and incorporated herein by reference.

21. By letter dated June 1, 2015, the Fund informed Union City that it failed to make the first quarterly payment when due and failed to make any other payments towards its withdrawal liability. A true and correct copy of the Fund's June 1, 2015 letter is attached as Exhibit C and incorporated herein by reference.

22. By letter dated June 2, 2015, the Fund was advised for the first time that Union City had filed a voluntary petition on September 23, 2014 in the District of New Jersey for relief under chapter 11 of the bankruptcy code (*In re Union City Mirror & Table, Co., Inc.*, No. 14-29400-RG). The Fund promptly sought leave from the bankruptcy court to file a proof of claim,

and leave was granted to do so on October 27, 2015. (*Union City*, Dkt. No. 101.)

23. On February 9, 2016, the Fund sent another demand for payment of the withdrawal liability to Union City, this time with a list of certain of the Defendants, informing Union City that the listed entities were believed to be part of a "controlled group" with Union City. The February 9, 2016 letter advised Union City that if it failed to make the first quarterly payment within sixty (60) days of the date of the letter, the entire amount of withdrawal liability, plus interest, liquidated damages, and the cost of collection, would become due pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). A true and correct copy of the February 9, 2016 letter is attached as Exhibit D and incorporated herein by reference.

24. By letter dated April 14, 2016, the Fund again informed Union City that it failed to make the first quarterly payment when due and failed to make any other payments towards its withdrawal liability. The April 14, 2016 letter also served as notice to Union City that the Defendant entities at the time believed to be in a controlled group with Union City were all delinquent in making the required withdrawal liability payments. Union City failed to respond to the April 14, 2016 letter or to otherwise cure its delinquency. A true and correct copy of the April 14, 2016 letter is attached as Exhibit E and incorporated herein by reference.

25. On July 6, 2016, Union City's bankruptcy case was dismissed. (*Union City*, Dkt. No. 124.)

26. Pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), and § 12.16(C)(5) of the Plan Document (Exhibit A at 99), Union City's failure to make the first quarterly payment when due, failure to make any other payments towards its withdrawal liability, and failure to cure such delinquency constitutes a default.

27. As a result of the default, Union City is obligated to pay the Fund the full amount

of the withdrawal liability of $2,375,606.00, plus accrued interest, together with liquidated damages and cost of collection.

28.     ERISA provides that, for the purposes of withdrawal liability, "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

29.     "Two or more trades or businesses under common control" means any group of trades or businesses which are related to one another as either: (1) parent-subsidiary, or (2) "brother-sister," or (3) a "combined group" of trades or businesses related as a combination of parent-subsidiary and "brother-sister." 26 C.F.R. 1.414(c)-2(a).

30.     Common control under a "brother-sister" relationship occurs when there are "two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own … a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization." 26 C.F.R. 1.414(c)-2(c)(1).

31.     Thomas Russo is president of Union City and according to records maintained by the state of New Jersey, Russo is also a member of the following Defendant limited liability companies: (a) 124-126 34th Street, LLC, (b) 122 34th Street, LLC, (c) 109-113 35th Street, LLC, and (d) 130 34th Street, LLC, all of which maintain their main business address and/or office and principal place of business at 129 34th Street, Union City, NJ 07087, the same address as Union City.

32.     According to records maintained by the state of New Jersey, Thomas Russo is a

general partner at Defendants 384 Ramapo Valley Road, LLC and 388 Ramapo Valley Road, LLC, both of which maintain a main business address at 129 34th Street, Union City, NJ 07087, the same address as Union City.

33. Upon information and belief, Thomas Russo is an officer and/or has an ownership interest in Defendant 34th Street Furniture Works, LLC, which maintains a main business address at 129 34th Street, Union City, NJ 07087, the same address as Union City.

34. Upon information and belief, Thomas Russo is an officer and/or has an ownership interest in Defendant Russo Realty Corp.

35. 384 Ramapo Valley Road, LLC is a limited liability company that owns or owned property at 384 Ramapo Valley Road, Oakland, NJ 07436.

36. 384 RVR Associates, LLC is a limited liability company that owns property at 384 Ramapo Valley Road, Oakland, NJ 07436.

37. 388 Ramapo Valley Road, LLC is a limited liability company that owns or owned property at 388 Ramapo Valley Road, Oakland, NJ 07436.

38. 388 RVR Associates, LLC is a limited liability company that owns property at 388 Ramapo Valley Road, Oakland, NJ 07436.

39. Upon information and belief, Russo Realty Corp. was under common control with Union City.

40. Upon information and belief, 34th Street Furniture Works, LLC was under common control with Union City.

41. Upon information and belief, 124-126 34th Street, LLC was under common control with Union City.

42. Upon information and belief, 122 34th Street, LLC was under common control

with Union City.

43. Upon information and belief, 109-113 35th Street, LCC was under common control with Union City.

44. Upon information and belief, 130 34th Street, LLC was under common control with Union City.

45. Upon information and belief, 384 Ramapo Valley Road, LLC was under common control with Union City.

46. Upon information and belief, 384 RVR Associates, LLC was under common control with Union City.

47. Upon information and belief, 388 Ramapo Valley Road, LLC was under common control with Union City.

48. Upon information and belief, 388 RVR Associates, LLC was under common control with Union City.

### **FIRST CAUSE OF ACTION**

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiff qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), and further brings this action on behalf of Fund participants and beneficiaries pursuant to §§ 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii) and 1451(a)(1).

51. Pursuant to § 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. § 1132(g)(2) and 1451(b), Union City is obligated to pay interest and liquidated damages on the delinquent withdrawal liability payments and to pay the Fund's attorneys' fees and costs.

52. In accordance with the Plan Document and the Fund Trustees' binding interpretations thereunder, and pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), Union City is obligated to pay interest and liquidated damages on the delinquent withdrawal liability payments, and to pay the Fund's attorneys' fees and costs. The Plan Document provides, at Section 12.16(C)(6), that, "interest under this subsection (C) shall be charged at rates based on prevailing market rates for comparable obligations, in accordance with regulations prescribed by the PBGC." (Exhibit A at 100.)

## SECOND CAUSE OF ACTION

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. ERISA provides that, for purposes of withdrawal liability, "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

55. As entities under common control with Union City, Defendants Russo Realty Corp., 34th Street Furniture Works, LLC, 124-126 34th Street, LLC, 122 34th Street, LLC, 109-113 35th Street, LLC, 130 34th Street, LLC, 384 Ramapo Valley Road, LLC, 384 RVR Associates, LLC, 388 Ramapo Valley Road, LLC, and 388 RVR Associates, LLC are jointly and severally liable for the withdrawal liability of Union City.

56. In accordance with the Plan Document and the Fund Trustees' binding interpretations thereunder, and pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), the Defendants under common control with Union City are also obligated to pay interest and liquidated damages on the delinquent withdrawal liability payments,

and to pay the Fund's attorneys' fees and costs.

## RELIEF

**WHEREFORE,** the Fund respectfully requests judgment against Defendants Union City, Russo Realty Corp., 34th Street Furniture Works, LLC, 124-126 34th Street, LLC, 122 34th Street, LLC, 109-113 35th Street, LLC, 130 34th Street, LLC, 384 Ramapo Valley Road, LLC, 384 RVR Associates, LLC, 388 Ramapo Valley Road, LLC, and 388 RVR Associates, LLC, jointly and severally, for:

(a)  the principle sum of $2,375,606.00;

(b)  interest on the amount owed the Fund in accordance with ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B) from April 8, 2016;

(c)  liquidated damages computed as provided in ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C);

(d)  attorneys' fees and costs in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and

(e)  such other and further relief as the Court may deem just and proper in accordance with ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

Dated: New York, New York
       July 27, 2016

Respectfully submitted,
KENNEDY, JENNIK & MURRAY, P.C.
*Attorneys for Plaintiff*

By: /s/ Susan M. Jennik
    Susan M. Jennik
    Serge Ambroise
113 University Place, 7th Floor
New York, NY 10003
(212) 358-1500 Telephone
(212) 358-0207 Facsimile

11